PAUL F. DeMEESTER (CA SBN 148578)
Attorney at Law
1766A – 18th Street
San Francisco, California 94107
415.305.7280; 415.861.2695 (fax)
e-mail: paulfdemeester@msn.com

Attorney for Defendant DEBORAH JEAN MADDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0879-SI |
| Plaintiff, | **Defendant's Trial Memorandum** |
| vs. | |
| DEBORAH JEAN MADDEN, | Court: Hon. Susan Illston, Judge |
| | Date: September 11, 2012 |
| Defendant. | Time: 3:30 p.m. |
| _____/ | |

### **DEFENDANT'S TRIAL MEMORANDUM**

Defendant DEBORAH JEAN MADDEN, files this trial memorandum, appreciating the Court's understanding that doing so must be done in the context of providing effective assistance of counsel. See Court's *Order for Pretrial Preparation*.

The defense is able to share with the Court that this trial resolves around two views of the expected evidence. The prosecution will contend that the evidence will show that the elements of the charged offense have been met. The defense will argue that

the prosecution arguably makes a case of taking but not of a fraudulent-type taking required by 21 USC 843(a)(3). See *United States v. Wilbur*, 58 F.3d 1291 (8th Cir.1995).

Even though this case is not complex, the defense wishes to apprise the Court of the emergence of a *Kastigar* issue that has only come to light this past week. See *Kastigar v. United States*, 406 U.S. 441 (1972). At the inception of this case, counsel had conferred with government counsel about the *Kastigar* issue and received assurances that led the undersigned to believe that no *Kastigar* issue existed. However, new facts have come to light that require development of the *Kastigar* issue.

On August 31, 2012, my investigator learned from the court reporter in the state case wherein Ms. Madden had testified (March and April 2011) under a grant of immunity about her drug use and crime lab activities, that the U.S. Attorney's Office had obtained those transcripts in mid-May 2011, well before the grand jury convened that indicted Ms. Madden in the instant case. I know that the grand jury met at least on October 13, 2011 and rendered a true bill on December 1, 2011.

In my phone conversation with counsel on September 5, 2011, I learned that government counsel presenting evidence to the grand jury were shown the transcripts prior to convening the grand jury but, in line with counsel's *Kastigar* obligations, did not wish to see it, read it or have contact with it.

The issue is not what government counsel Andrew P. Caputo and Kathryn Haun knew at the time the grand jury met on this case, as the defense accepts Mr. Caputo's representations about that.

2

Defendant's Trial Memorandum CR 11-0879-SI

But that does not end the *Kastigar* issue.  Someone in the U.S. Attorney's Office saw fit to order the transcripts.  Whom?  Why?  Why not wait until after the grand jury has completed its work?  Who had access to those transcripts prior to and during the grand jury investigation?  Or afterwards for that matter, in preparation for trial?  What investigative leads were developed from the transcripts?  By whom?  Was information developed and imparted to government counsel without counsel knowing that the information was from a prohibited *Kastigar* lead?  Etc.

      A myriad of questions that must be posed and answered under oath.  But first the parties must prepare on the issue, especially the defense, and *Kastigar* discovery may need to be provided and sought, potentially with the Court resolving any disputes regarding that.  This process will take time.  It may therefore be incumbent to reset the jury trial date in this case, which is what the defense requests at this time.

DATED: September 7, 2012.

                              Respectfully submitted,

                              _____/s/_____
                              PAUL F. DeMEESTER
                              Attorney for Ms. Deborah Jean Madden

---

Defendant's Trial Memorandum CR 11-0879-SI