PAUL F. DeMEESTER (CA SBN 148578)
Attorney at Law
1766A – 18th Street
San Francisco, California 94107
415.305.7280; 415.861.2695 (fax)
e-mail: paulfdemeester@msn.com

Attorney for Defendant DEBORAH JEAN MADDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0879-SI |
| Plaintiff, | **Defendant's Retrial Memorandum** |
| vs. | |
| DEBORAH JEAN MADDEN, | Court: Hon. Susan Illston, Judge<br>Date: January 10, 2013<br>Time: 11 a.m. |
| Defendant. | |

### **DEFENDANT'S RETRIAL MEMORANDUM**

Defendant DEBORAH JEAN MADDEN, files this retrial memorandum relying in large part on the work that Court and counsel have already put in for the first trial in September 2011.  Ms. Madden wishes for the same voir dire questions (Docs. 23-joint proposed voir dire questions & 27-defendant's proposed voir dire questions), method of exercising peremptory challenges, verdict form (Doc. 53), jury instructions (Doc. 54), and outcome as last time.

Ms. Madden repeats her evidentiary objection regarding the admission of Ms. Madden's test results of drug analyses that she purportedly performed.  Ms. Madden

_____
Defendant's Retrial Memorandum CR 11-0879-SI

1

hereby interposes an objection to the admission of any testimony concerning test results of drug tests that she conducted.

  Ms. Madden's objection is grounded in the Sixth Amendment's Confrontation Clause. The Sixth Amendment to the U.S. Constitution confers upon her "the right … to be confronted with the witnesses against [her]." This Confrontation Clause requires that "testimonial" statements of witnesses absent from trial is admissible only "where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004).

  A forensic lab report that stated that a substance was cocaine cannot be introduced without the prosecution offering a live witness competent to testify to the truth of the statements in the report. *Melendez-Diaz v. Massachussetts*, 557 U.S. 309 (2009).

  Subsequently, the United States Supreme Court was faced with a testifying analyst in a drunk driving case "who was familiar with the laboratory's testing procedures, but had neither participated in nor observed the test on [the defendant]'s blood sample." *Bullcoming v. New Mexico*, 564 U.S. ___, 131 S.Ct. 2705 (2011):

> The question presented is whether the Confrontation Clause permits the prosecution to introduce a forensic laboratory report containing a testimonial certification—made for the purpose of proving a particular fact—through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification. We hold that surrogate testimony of that order does not meet the constitutional requirement. The accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist.
> *Id.*, at 2710.

---

Defendant's Retrial Memorandum CR 11-0879-SI

This result is unaffected by the recent case of *Williams v. Illinois*, 567 U.S. ___ (2012), 132 S.Ct. 2221, a plurality decision that lacked a majority to change any of the *Crawford-Melendez-Diaz-Bullcoming* holdings.

Although it may appear odd to object on this basis given that the analyst involved is the defendant in the instant case, two legal reasons render this oddity into a perfectly reasonable and sustainable objection.  First, the three cited cases require that the defense in the instant action had a prior opportunity to cross-examine the scientist whose results are tendered into evidence in the instant case.  That has not been the case.

Ms. Madden is unavailable as a witness because the prosecution cannot call her as a witness in their case because of the Fifth Amendment.  It is no secret that Ms. Madden will not testify in this case because she exercises that same amendment's Self-Incrimination Clause rights guaranteed her by the United States Constitution.

That's where the second reason emerges.  Ms. Madden cannot be required "to forfeit one constitutionally protected right as the price for exercising another."  See *Lefkowitz v. Cunningham*, 431 U.S. 801, 807-808 (1977) [involving First and Fifth Amendments], citing *Simmons v. United States*, 390 U.S. 377, 394 (1968) [involving Fourth and Fifth Amendments].  Ms. Madden does not have to trade off her Fifth Amendment privilege to exercise her Sixth Amendment Confrontation right or vice versa.

DATED: January 3, 2013.

                                                   Respectfully submitted,

                                                _____/s/_____
                                                PAUL F. DeMEESTER
                                                Attorney for Ms. Deborah Jean Madden