PAUL F. DeMEESTER (CA SBN 148578)
ALBERT J. BORO, JR. (CA SBN 126657)
Attorney at Law
1766A – 18th Street
San Francisco, California 94107
415.305.7280; 415.861.2695 (fax)
e-mail: paulfdemeester@msn.com

Attorney for Defendant DEBORAH JEAN MADDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0879-SI |
| Plaintiff, | **Defendant's Supplemental Retrial Memorandum** |
| vs. | Court: Hon. Susan Illston, Judge |
| DEBORAH JEAN MADDEN, | Date: January 10, 2013 |
| Defendant. | Time: 11 a.m. |

**DEFENDANT'S SUPPLEMENTAL RETRIAL MEMORANDUM**

Defendant DEBORAH JEAN MADDEN, files this supplemental retrial memorandum to take account of recent developments in the case.

1) In addition to the constitutional objection Ms. Madden has made (see Docket No. 74) to the admission into evidence of her own lab reports, she adds hearsay and lack of foundation grounds to that objection.

2) The Government has filed an 8-page document (Docket No. 75) essentially asking the Court to re-affirm the hearsay rule.  The Government elaborates about the supposed

hearsay evidence that was argued by Ms. Madden in the first trial.  Ms. Madden points out that it was the Government that introduced her statement, not the defense.

The prosecution theory is well known and set forth in the recent renewed Rule 29 motion litigation.  (See Docket No. 66.)  The Government contended that because Ms. Madden shifted her working hours to work later than anyone else, and without putting in for overtime, the jury could have deemed that to be deception and misrepresentation.  (Docket No. 66, p. 2.)

At the first trial, Ms. Madden argued that the late working hours were explained by her poor work performance attributable to her drinking problem.  Ms. Madden told the jury that if there were two reasonable explanations for the late hours, the Government's and the work performance one, then the second one raised a reasonable doubt and that one must be accepted by the jury and would require a verdict of acquittal on the charged offense.

It is obvious from the many quotes to the Madden closing argument, the Government's new witness and exhibit lists that the Government has now revamped its case.  The Government now wants to deprive the jury of the alternate explanation, the one pointing to innocence (or better lack of guilt since the defense bears no burden).

This contravenes the Government's obligation to search for truth and indicates that the Government is more interested in winning a conviction than in doing justice, as once famously pointed out by the United States Supreme Court:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a

criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.
*Berger v. United States*, 295 U.S. 78, 88 (1935).

This reason alone, rooted in the Due Process Clause of the Fifth Amendment, is sufficient reason that the Government should be required to play the entire segment (as done at the first trial), instead of the indicated selected excerpts.

Furthermore, not all of what the Government points to is hearsay. Ms. Madden's supervisor certainly judged Ms. Madden's work performance during the relevant time period. Work performance evidence is not hearsay.

3) In light of the Government's recent case revamp - which shifts the burden about the alternate explanation to the defense, the defense is now obliged to call as a witness at trial the neighbor referenced in Ms. Madden's February 26, 2010 statement at p. 27, l. 24. (See Docket No. 75-1.) Ms. Diane Scheller, Ms. Madden's next door neighbor and friend, will testify that during the relevant August-December 2009 period, Ms. Madden had succumbed to the bottle, and Ms. Scheller personally observed the effects of the intoxication and its tell tale signs. The defense first decided its intention to call Ms. Scheller on January 9, 2013, at about 8 p.m.

4) The Government wishes to preclude argument on potential consequences and the small quantity of drugs as going to the issue of guilt or lack thereof. These are non-issues as amply demonstrated at the first trial.

The Government's third request in this regard is problematic (Docket No. 76, p. 5), however, when it seeks to preclude argument on the constitutional state of the limits of federal jurisdiction and the relationship between federal and state sovereignties. Notably, the Government cites no authority for its request. Nor could it. These topics are fair subjects of comment by any party.

5) The jury should not be instructed on any definitions of the various terms of the charged statute (forgery, misrepresentation, fraud, subterfuge, deception). Only if the jury has any questions about that later should the topic be considered, as it was at the first trial. (See Docket No. 78, p. 6.)

6) It appears that this trial may be the first one under the revised Criminal Local Rule 24-2 that goes into effect on January 14, 2013, the day of jury selection in the instant case: "If a party passes a peremptory challenge and if the opposing party also passes, the jury shall be deemed selected. However, if a party passes a peremptory challenge and the opposing party exercises a challenge, the party who previously passed may exercise any unused challenge." (Rule was posted on November 19, 2012.)

DATED: January 10, 2013.

                                         Respectfully submitted,

                                         _____/s/_____
                                         PAUL F. DeMEESTER
                                         ALBERT J. BORO, JR.
                                         Attorneys for Ms. Deborah Jean Madden

---

Defendant's Supplemental Retrial Memorandum CR 11-0879-SI

4